02/12/2007 10:48 FAX 8167614004 ☒006

| | |
|---|---|
| DISTRICT COURT, TELLER COUNTY, COLORADO<br>101 W. BENNETT AVE.<br>CRIPPLE CREEK, COLORADO 80202 | |
| Plaintiff: FREDERICK M. ANTHONY<br><br>v.<br><br>Defendants: EDWARD J. WALSH, GARY LEV, MICHAEL WALSH, and WILD HORSE INVESTMENT PARTNERS, LLC a Colorado limited liability company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Phillip S. Lorenzo<br>Keith P. Ray<br>LATHROP & GAGE LC<br>370 17th Street<br>Suite 4650<br>Denver, Colorado 80202<br>Phone No.: 720-931-3200<br>Fax No.: 720-931-3201<br>Email: kray@lathropgage.com<br>Atty. Reg.#: 13771<br>         31567 | Case No.<br><br>Div:      Ctrm: |
| COMPLAINT AND JURY DEMAND | |

Plaintiff Frederick M. Anthony submits the following Complaint and alleges as follows:

## PARTIES

1. Plaintiff Frederick M. Anthony ("Anthony") is an individual resident of the State of Nevada.

2. Defendant Edward J. Walsh is a citizen of the State of Illinois.

3. Defendant Gary Lev is a citizen of the State of Michigan.

4. Defendant Michael Walsh is a citizen of the State of Michigan.


EXHIBIT A

5. Defendant Wild Horse Investment Partners, LLC ("Wild Horse") is Colorado limited liability company with its principal place of business at 601 W. Liberty Drive, Wheaton, Illinois 60187.

## VENUE AND JURISDICTION

6. Venue and jurisdiction are proper in this Court as the contract at issue in this case was to be performed in Teller County.

## GENERAL ALLEGATIONS

7. Defendants Edward Walsh, Gary Lev, and Michael Walsh are members of Defendant Wild Horse and are collectively referred to as the "Members."

8. Wild Horse does business as the Wild Horse Casino ("Casino") located in Cripple Creek, Colorado.

9. In September of 2004, Mr. Anthony began negotiating with Mr. Lev and Michael Walsh for an employment contract for Mr. Anthony to become the General Manager of the Casino.

10. However, neither Mr. Lev nor Michael Walsh ever fully disclosed the existence or the name of Wild Horse during those negotiations.

11. By September 28, 2004, Mr. Anthony had reached an agreement with Mr. Lev and Michael Walsh on the terms of his employment.

12. A Letter of Intent and Employee Agreement ("Letter Agreement") was drafted by Mr. Anthony and submitted to Mr. Lev and Michael Walsh.

13. Despite the fact that the written agreement was not signed by the parties, Mr. Anthony started working as the General Manager of the Casino on October 18, 2004.

14. Between October 18, 2004 and February 14, 2006, the parties performed pursuant to the terms of the Letter Agreement.

15. The Letter Agreement provides an annual salary for an initial term of four years, a bonus structure, other benefits, and contains terms for the calculation of a severance payment if Mr. Anthony's employment was terminated prior to the end of the four years.

16. On February 14, 2006, Mr. Anthony's employment was terminated.

02/12/2007 10:48 FAX 8167614004                                                                  ☒008

17. Defendants refused to pay Mr. Anthony in accordance with the termination provision of the Letter Agreement.

18. Mr. Anthony has satisfied all conditions precedent to recovery, or they have been waived by Defendants.

19. Pursuant to Rule 8 of the Colorado Rules of Civil Procedure, plaintiff pleads each of the following claims jointly, severally, and/or alternatively with each and every other claim set forth in this Complaint.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff incorporates by reference all other allegations of this Complaint as if fully set forth herein.

21. Anthony entered into a contract with the Members.

22. Anthony started work and was paid pursuant to the terms of that contract.

23. That contract provided that, if terminated, Anthony was entitled to payment of the "remainder of [the] contract plus one full year of annual salary and bonus plus benefits . . . ."

24. When Anthony was terminated, Defendants breached that contract by failing to pay Anthony the agreed amount for termination.

25. The Members are individually liable because neither the existence nor the identity of Wild Horse was disclosed during the parties' contract negotiations.

26. Anthony has suffered damages in an amount ot be proven at trial as a result of Defendants' breach.

### SECOND CLAIM FOR RELIEF
(Promissory Estoppel)

27. Plaintiff incorporates by reference all other allegations of this Complaint as if fully set forth herein.

28. Defendants made a promise to Anthony which they reasonably expected to induce action of a definite and substantial character by Anthony.

29. Anthony engaged in action induced by the Defendants' promise.

30.     Under the circumstances, injustice can be avoided only by enforcement of the Defendants' promise.

31.     Anthony suffered damages in an amount to be proven at trial as a direct result of Defendants' promise and it would create and injustice if such promise were not enforced.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor awarding his actual damages, post-judgment interest, attorneys' fees and costs, and such other relief to which he is entitled under equity or law.

**Plaintiff demands a trial by jury on all issues so triable.**

Dated this 9th day of February, 2007.

LATHROP & GAGE LC

/s/ *Keith P. Ray*

Phillip S. Lorenzo, # 13771
Keith P. Ray, #31567
*Attorneys for Plaintiff*
*Frederick M. Anthony*

Plaintiff's Address
9692 Camino Capistrano Lane
Las Vegas, Nevada 89147

DNVRDOCS 2861v1