THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

        Plaintiff,

vs.

EDWARD J. WALSH,
GARY LEV,
MICHAEL WALSH,
WILD HORSE INVESTMENT PARTNERS, LLC a Colorado limited liability company,

        Defendants.

## DEFENDANTS' FIRST AMENDED ANSWER

**COME NOW**, the Defendants, **EDWARD J. WALSH, GARY LEV, MICHAEL WALSH, and WILD HORSE INVESTMENT PARTNERS, LLC** a Colorado limited liability company, by and through their undersigned counsel, Hollie L. Wieland, of SEARS & SWANSON, P.C., and for their Answer state as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, deny the same.

2. Defendants admit the allegation in paragraph 2 of the Complaint and Jury Demand.

3. Defendants deny the allegation in paragraph 3 of the Complaint and Jury Demand.

4. Defendants deny the allegation in paragraph 4 of the Complaint and Jury Demand.

5. Defendants admit that Defendant Wild Horse Investment Partners, LLC is a Colorado limited liability company. Defendants deny the remaining allegations in Paragraph 5 of

1

the Complaint and Jury Demand.

6. Defendants admit venue. Defendants deny the remaining allegations in paragraph 6 of the Complaint and Jury Demand.

7. Defendants deny the allegation in paragraph 7 of the Complaint and Jury Demand.

8. Defendants admit the allegation in paragraph 8 of the Complaint and Jury Demand.

9. Defendants deny the allegation in paragraph 9 of the Complaint and Jury Demand.

10. Defendants deny the allegation in paragraph 10 of the Complaint and Jury Demand.

11. Defendants deny the allegation in paragraph 11 of the Complaint and Jury Demand.

12. Defendants admit that Frederick Anthony submitted a "Letter of Intent and Employee Agreement" to Gary Lev and Michael Walsh. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and Jury Demand and, therefore, deny the remaining allegations.

13. Defendants admit that Frederick Anthony started working as the General Manager of the Casino on or about October 18, 2004. Defendants deny the remaining allegations in paragraph 13 of the Complaint and Jury Demand.

14. Defendants deny the allegation in paragraph 14 of the Complaint and Jury Demand.

15. Defendants deny the allegation in paragraph 15 of the Complaint and Jury Demand.

16. Defendants admit the allegations in paragraph 16 of the Complaint and Jury Demand.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and Jury Demand and, therefore, deny the remaining allegations.

18. Defendants deny the allegation in paragraph 18 of the Complaint and Jury Demand.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and Jury Demand and, therefore, deny the remaining allegations.

## FIRST CLAIM FOR RELIEF

20. Defendants incorporate their responses to Plaintiff's allegations contained in paragraphs 1 through 19, above.

21. Defendants deny the allegation in paragraph 21 of the Complaint and Jury Demand.

22. Defendants deny the allegation in paragraph 22 of the Complaint and Jury Demand.

23. Defendants deny the allegation in paragraph 23 of the Complaint and Jury Demand.

24. Defendants deny the allegation in paragraph 24 of the Complaint and Jury Demand.

25. Defendants deny the allegation in paragraph 25 of the Complaint and Jury Demand.

26. Defendants deny the allegation in paragraph 26 of the Complaint and Jury Demand.

## SECOND CLAIM FOR RELIEF

27. Defendants incorporate their responses to Plaintiff's allegations contained in paragraphs 1 through 26, above.

28. Defendants deny the allegation in paragraph 28 of the Complaint and Jury Demand.

29. Defendants deny the allegation in paragraph 29 of the Complaint and Jury Demand.

30. Defendants deny the allegation in paragraph 30 of the Complaint and Jury Demand.

31. Defendants deny the allegation in paragraph 31 of the Complaint and Jury Demand.

32. Defendants deny each and every allegation of the Complaint and Jury Demand not

admitted.

## SEPARATE DEFENSES

### First Separate Defense

1. The Complaint fails to state a claim against Defendants upon which relief may be granted.

### Second Separate Defense

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

### Third Separate Defense

3. Plaintiff's claims are barred by settlement and release.

### Fourth Separate Defense

4. Plaintiff's claims are barred by his failure to reasonably mitigate his damages, if any.

### Fifth Separate Defense

5. Plaintiff's claims are barred by the doctrine of unclean hands or his own wrongdoing.

### Sixth Separate Defense

6. Plaintiff's claims are barred because Defendants had legitimate business reasons for terminating Plaintiff's employment.

### Seventh Separate Defense

7. Plaintiff's claims against Defendants lack substantial justification, are frivolous and groundless, and Defendants are entitled to an award of their reasonable attorneys' fees and costs incurred in defending against Plaintiff's claim.

### Eighth Separate Defense

8. If the parties had an agreement, Plaintiff breached the agreement.

### Ninth Separate Defense

9.  Plaintiff's claims are barred by doctrines of novation, modification, and/or rescission.

### Tenth Separate Defense

10. Plaintiff's claims are barred by the statute of frauds.

11. Defendants expressly reserve the right to add or delete defenses as additional information is learned during discovery.

Respectfully submitted this 15th day of May, 2007.

>  *s/ Hollie L. Wieland*
>  Hollie L. Wieland
>  **SEARS & SWANSON, P.C.**
>  2 North Cascade Avenue, Suite 1250
>  Colorado Springs, CO 80903
>  719-471-1984
>  Fax 719-577-4356
>  hollie@searsandswanson.com
>  Attorney for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following via e-mail:

Phillip S. Lorenzo
Keith P. Ray
LATHROP & GAGE LC
370 17th Street
Suite 4650
Denver, CO 80202

>  s/ Hollie L. Wieland
>  Hollie L. Wieland
>  **SEARS & SWANSON, P.C.**
>  2 North Cascade Avenue, Suite 1250
>  Colorado Springs, CO 80903
>  719-471-1984
>  Fax 719-577-4356
>  hollie@searsandswanson.com