IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2007

GREGORY C. ...
CLERK

Civil Action No. 07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

Plaintiff,

v.

EDWARD J. WALSH; GARY LEV; MICHAEL WALSH; WILD HORSE INVESTMENT PARTNERS, LLC, a Colorado limited liability company,

Defendants.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Order Setting Scheduling Conference (the "Order") entered by the Court on March 19, 2007, and the Minute Order entered by the Court on April 3, 2007, the parties, by and through their respective counsel, submit this Proposed Scheduling Order as follows.

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Pursuant to the Order and the Minute Order, the Rule 16(b) Scheduling/Planning Conference is set for 11:00 a.m. on May 17, 2007.

Plaintiff, Frederick Anthony ("Plaintiff") is represented by Phillip S. Lorenzo and Keith P. Ray of Lathrop & Gage, LC, 370 17th Street, Suite 4650, Denver, Colorado 80202, 720-931-3200.

Defendants Edward Walsh, Gary Lev, Michael Walsh and Wild Horse Investment Partners, LLC ("Defendants") are represented by Hollie L. Wieland, Sears & Swanson, P.C., 2 North Cascade Avenue, #1250, Colorado Springs, Colorado 80903, 719-471-1984.

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the plaintiff is a citizen of the State of Nevada, the defendants are citizens of Illinois. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.   Plaintiff:**

<u>Plaintiff's Claims</u>

This case arises out of an employment relationship between Plaintiff, Frederick Anthony ("Anthony") and Defendants Edward Walsh ("E. Walsh"), Gary Lev ("Lev"), Michael Walsh ("M. Walsh") and Wild Horse Investment Partners, LLC ("Wild Horse"). In September, of 2004, Anthony began negotiating an employment contract with Lev and M. Walsh wherein Anthony would become the General Manager of the Wild Horse Casino ("Casino") located in Cripple Creek, Colorado. Defendants E. Walsh, Lev, and M. Walsh are members of Defendant Wild Horse. However, neither Lev nor M. Walsh ever fully disclosed the existence or the name of Wild Horse during the negotiations with Anthony.

By September 28, 2004, Anthony had reached an agreement with Lev and M. Walsh on the terms of his employment. A Letter of Intent and Employee Agreement ("Letter Agreement") was drafted by Anthony and submitted to Lev and M. Walsh. Despite the fact that the written

7085

agreement was not signed by the parties, Anthony started working as the General Manager of the Casino on October 18, 2004. Between October 18, 2004 and February 14, 2006, the parties performed pursuant to the terms of the Letter Agreement. The Letter Agreement provides an annual salary for an initial term of four years, a bonus structure, other benefits, and contains terms for the calculation of a severance payment if Anthony's employment was terminated prior to the end of the four years. On February 14, 2006, Mr. Anthony's employment was terminated.

Following the termination of the employment, Defendants refused to pay Anthony in accordance with the termination provision of the Letter Agreement. Based on the foregoing, Anthony has asserted claims for breach of contract and promissory estoppel.

**b.     Defendants:**

Defendants' Defenses

Frederick M. Anthony ("Anthony") was employed by Wild Horse Investment Partners, LLC ("Wild Horse"), to act as the General Manager of the Wild Horse Casino from approximately October 18, 2004 through his termination on February 14, 2006. At all times he was employed as an "at will" employee. Although Anthony proposed a written contract, Wild Horse never agreed to the contract proposed by Anthony. While employed by Wild Horse, Anthony had performance issues which ultimately resulted in his termination.

The individual defendants are not members of Wild Horse Investment Partners, LLC. Further, as specifically referenced in the unsigned Letter Agreement upon which Plaintiff bases his claims, the identity and existence of Anthony's employer, Wild Horse, was disclosed prior to

Anthony accepting or beginning employment with Wild Horse and, therefore, the individual Defendants are not liable.

Defendants assert affirmative defenses of waiver, estoppel, and/or laches; settlement and release; failure to mitigate; unclean hands; novation, modification, and/or rescission; statute of frauds; and breach by Plaintiff to the extent the parties' had a contract.

Finally Defendant alleges that Plaintiff's claims lack substantial justification, are frivolous and groundless, and that Defendants are entitled to an award of their reasonable attorneys' fees and costs incurred in defending against Plaintiff's claim.

## 4. UNDISPUTED FACTS

The parties do not believe that the stipulation to undisputed facts at this stage of the proceeding will advance the disposition of the case.

## 5. COMPUTATION OF DAMAGES

**a.    Plaintiff's Damages:**

When Anthony was terminated on February 14, 2006, there were 976 days left in the Letter Agreement with total compensation owing of $486,662.88, plus $182,000.00 (one year salary) for a grand total of $668,662.88 owed in salary; plus a year of health care benefits; plus the costs for Anthony to relocate to Las Vegas.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(F)

a.    By agreement of counsel, the Rule 26(f) meeting was held by telephone on April 19, 2007.

- 4 -

7085

b..     Plaintiff was represented by Keith P. Ray of Lathrop & Gage, LC and Defendants were represented by Hollie L. Weiland of Sears & Swanson, P.C.

c.      There are no proposed changes to the timing or requirement of Rule 26(a)(1) disclosures.

d.      Plaintiff's and Defendants' Rule 26(a)(1) disclosures were made on May 3, 2007. Counsel for the parties have agreed to provide for the inspection of documents that have been provided by their respective clients at a time and place convenient to counsel.

e.      The parties agree to cooperate with informal discovery if possible. The parties further agree to work together to reach a settlement during the pendency of this suit.

f.      The parties do not expect that the asserted claims and defenses will result in an extensive quantity of discovery which is electronically stored.

## 7. CASE PLAN AND SCHEDULE

a.   **Deadline for Joinder of Parties and Amendment of Pleadings:**  July 2, 2007.

b.   **Discovery Cut-off**:                                           December 17, 2007.

c.   **Dispositive Motions Deadline:**                                January 17, 2008.

d.   **Expert Witness Disclosure:**                                   October 17, 1007.

(1)     The parties currently anticipate that the fields of expert testimony will relate to: (a) damages; and (b) accounting.

(2)     Expert witnesses will be limited to three (3) per side.

(3)     The parties shall designate all of their experts and provide opposing counsel and any party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 17, 2007.**

(4) The parties shall designate any rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 19, 2007.**

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.  **Deposition Schedule:**

The parties currently believe that the below-listed depositions will be necessary. However, the parties reserve the right to depose any additional persons as they become known through discovery. The parties agree to work together to schedule depositions on the dates listed below, and on other dates as necessary to accommodate the schedules of attorneys and witnesses. Plaintiffs currently anticipate deposing the following individuals:

| Deponent | Deposition Date/Time | Expected Length |
| --- | --- | --- |
| Edward Walsh | TBD | 1 day |
| Michael Walsh | TBD | 1 day |
| Gary Lev | TBD | 1 day |

Defendants currently anticipate deposing the following individual:

| Deponent | Deposition Date/Time | Expected Length |
| --- | --- | --- |
| Fred Anthony | TBD | 1 day |

f.  **Interrogatory Schedule:**

Interrogatories shall be served so that the responses are due before the end of the discovery cut-off period and in accordance with the Federal Rules of Civil Procedure.

g.  **Schedule for Request for Production of Documents:**

Requests for Production of Documents shall be served so that the responses are due before the end of the discovery cut-off period and in accordance with the Federal Rules of Civil Procedure.

h.  **Discovery Limitations:**

(1)  Each party will be limited to the parties, plus five (5) additional witnesses per side for depositions.

(2)  The length of depositions will be limited by the presumptive limit under F.R.C.P. 30.

(3)  There are no limits on the number of interrogatories other than the limitations in Fed. R. Civ. P. 33.

(4)  Each side will be limited to twenty-five (25) requests for production of documents and twenty-five (25) requests for admissions.

## 8. SETTLEMENT

Pursuant to F.R.C.P. 26(f), the parties have discussed the possibility of a prompt settlement and the possibility of using alternative dispute resolution to resolve the case.

## 9. OTHER SCHEDULING ISSUES

a.  Counsel has been able to reach an agreement on all discovery and scheduling issues set forth in this Scheduling Order.

b.  The parties anticipate that the trial in this matter will not last more than three (3) days.

- 7 -

7085

## 10. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of *good cause*.

\*\*\*\*\*

DATED this _17th_ day _May_, 2007.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

LATHROP & GAGE LC

s/ *Keith P. Ray*
Phillip S. Lorenzo, #13771
Keith P. Ray, #31567
370 17th Street, #4650
Denver, Colorado 80202
*plorenzo@lathropgage.com*
*kray@lathropgage.com*
720-931-3200
720-931-3201 Fax

COUNSEL FOR PLAINTIFF

SEARS & SWANSON PC

s/ *Hollie L. Wieland*
Hollie L. Wieland, #22024
2 North Cascade Avenue, #1250
Colorado Springs, Colorado 80903
*hollie@searsandswanson.com*
719-471-1984
719-577-4356 Fax

COUNSEL FOR DEFENDANTS