THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.     07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

       Plaintiff,

vs.

EDWARD J. WALSH,
GARY LEV,
MICHAEL WALSH,
WILD HORSE INVESTMENT PARTNERS, LLC a Colorado limited liability company,

       Defendants.

---

### DEFENDANTS' COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

---

Defendants, EDWARD J. WALSH, GARY LEV, MICHAEL WALSH, and WILD HORSE INVESTMENT PARTNERS, LLC, a Colorado limited liability company, by and through their undersigned counsel, Hollie L. Wieland, of SEARS & SWANSON, P.C., and in support of Defendants' Combined Motion for Summary Judgment and Brief in Support Thereof, state as follows:

### INTRODUCTION

Plaintiff Frederick M. Anthony alleges that Defendants entered into a contract of employment pursuant to which Plaintiff was to be employed as the General Manager of the Wild Horse Casino in Cripple Creek, Colorado. Plaintiff alleges that the parties agreed to a four year term of employment with a termination provision which required that in the event that Plaintiff was terminated he would be paid the balance of the salary and benefits for the four-year term plus

1

one year of annual salary and benefits. The parties agree that there is no signed contract. Plaintiff alleges that the individual defendants are liable because "neither the existence nor the identity of Wild Horse was disclosed during the parties' contract negotiations." (Complaint and Jury Demand, ¶ 25)

Plaintiff was employed by Wild Horse Casino from October 18, 2004 through the date of his termination on February 14, 2006. Plaintiff asserts two claims for relief: 1) breach of contract; and 2) promissory estoppel. He seeks to recover salary and benefits for the balance of the four year term plus one year salary allegedly due under the parties' agreement.

## STATEMENT OF UNDISPUTED FACT[1]

1. Defendant Wild Horse Investment Partners, LLC, is a Colorado limited liability company, first registered with the Colorado Secretary of State on January 13, 2003. (Ex. A-10)

2. On January 13, 2003, Wild Horse Investment Partners, LLC, (hereinafter "Wild Horse Casino") registered the trade name, "Wild Horse Casino," with the Colorado Secretary of State. (Ex. A-11)

3. During 2004, when the plaintiff alleges the parties entered into a contract, the members of Wild Horse Investment Partners, LLC d/b/a Wild Horse Casino, were Walsh Rivera Investment Partners, LLC, Dean Mantel and Don Iverson. (Ex. A-12, Edward J. Walsh Depo 7:11-15)

4. During August 2004, Plaintiff Fred Anthony met with Defendants Edward J. Walsh, Gary Lev and Michael Walsh to discuss the possibility of Anthony being hired as the General Manager for Wild Horse Casino. (Ex. A-1, Anthony Depo, 27:20 - 31:25)

---

[1] For purposes of their Motion for Summary Judgment, Defendants accept the recited facts as undisputed.

2

5.  In early September 2004, prior to being offered any job by Wild Horse Casino, Anthony visited the Wild Horse Casino in Cripple Creek, Colorado. It was disclosed to Anthony and he knew that if he were hired for a position he would be working for and paid by Wild Horse Casino. (Ex. A-1, Anthony Depo 36:4 - 39:5; 85:7-12)

6.  After returning from his visit to Wild Horse Casino, Plaintiff Anthony had several phone conferences with Defendants Gary Lev and Michael Walsh for purposes of discussing the terms and conditions of his potential employment with Wild Horse Casino. (Ex. A-1, Anthony Depo 43:2-14, 45:5 - 46:18)

7.  On or about September 17, 19, 20, 21, 22 and 24, 2004, Plaintiff drafted and forwarded, via electronic mail, to Defendants Gary Lev and Michael Walsh documents referencing "Wild Horse Casino." The documents, drafted by Fred Anthony, reference health benefits and a car which are to be provided by the "company" to Plaintiff. (Exs. A-1 Depo of Anthony 63:15 - 17; A-3, A-4, A-5, A-6, A-7, A-8, A-9)

8.  As of September 19, 2004, before he started employment, Anthony knew that he was to be employed by Wild Horse Casino or Wild Horse Investment Partners. He knew that he would not be employed by Ed Walsh, Gary Lev or Michael Walsh. (Ex. A-1; Anthony Depo 69:5 - 70:16)

9.  Ed Walsh did not participate in negotiations with Anthony with respect to the terms and conditions of Anthony's employment with Wild Horse Casino. (Ex. A-1, Anthony Depo 35:1-17; 68:10 - 12; 77:22 - 78:20; Ex. A-2, Plaintiff's Resp to Interrogatories Nos. 11 and 12, pgs. 8 - 9: Complaint, Paragraph Nos. 9 - 12)

3

11.     On or about October 18, 2004, Plaintiff began working as the General Manager at the Wild Horse Casino. (Ex. A-1, Anthony Depo, 93:11-12) He was terminated on February 14, 2006. (Plaintiff's Complaint and Jury Demand, ¶ 16)

## ARGUMENT

### A.  Individual Defendants Edward J. Walsh, Gary Lev and Michael Walsh Disclosed the Identity of Principal, Wild Horse Casino, And, Therefore Are Not Liable for Wild Horse Casino's Contractual Obligations

In order to hold an agent individually liable on a contract negotiated by the agent, it must be established that the agent failed to disclose the fact that the agent is negotiating on behalf of a principal and the identity of the principal. *Westec v. Lanham*, 955 P.2d 997 (Colo. 1998) Here, where it is undisputed that Plaintiff knew that he was entering into a contract with Wild Horse Casino, and not defendants individually, the individual Defendants should be dismissed.

Since its inception on January 13, 2003, Wild Horse Casino has been the registered tradename for Defendant Wild Horse Investment Partners, LLC. The filing of the article of organization serve as constructive notice of a company's status as a limited liability company. C.R.S. 7-80-208.

In each of the contracts drafted and proposed by Plaintiff, he identifies "Wildhorse Casino" and Fred Anthony as parties to the agreement. (Exs. A-3 through A-9) Anthony visited the Wild Horse Casino where he saw numerous references to the casino's registered tradename. Finally, Plaintiff acknowledges that he knew that he was to be employed by Wild Horse Casino, not the individual defendants. (Ex. A-1; Anthony Depo 69:5 - 70:16)

4

**B.     Edward J. Walsh Did Not Participate in the Negotiation of the Contract Which Plaintiff Seeks to Enforce and Did Not Make Any Representations on Which Plaintiff's Promissory Estoppel Claim is Based and, Therefore, Cannot Be Individually Liable**

There are no allegations in Plaintiff's Complaint and Jury Demand that Defendant Edward J. Walsh participated in negotiating the terms of the alleged contract nor that he made any of the representations which allegedly support Plaintiff's promissory estoppel claim. In fact, in his discovery responses Plaintiff only identifies Defendants Gary Lev and Michael Walsh as being involved in negotiations or making the representations on which Plaintiff's promissory estoppel is based. (Ex. A-2, Plaintiff's Resp to Interrogatories Nos. 11 and 12, pgs. 8 - 9; Complaint, Paragraph Nos. 9 - 12)

As there are no allegations involving Defendant Edward J. Walsh, other than the allegation that he is a member of Wild Horse Investment Partners, LLC, all claims against him should be dismissed. Even if, taken in the light most favorable to the Plaintiff, Edward J. Walsh is a member of Wild Horse Investment Partners, LLC, he is not liable under any "judgment, decree, or order of a court . . . for a debt, obligation, or liability of the limited liability company." C.R.S. § 7-80-705.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment should be granted and the individual defendants should be dismissed.

5

Respectfully submitted this 17th day of January, 2008.

/s/ Hollie L. Wieland
Hollie L. Wieland
**SEARS & SWANSON, P.C.**
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
719-471-1984
Fax 719-577-4356
hollie@searsandswanson.com
Attorney for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following via e-mail:

Phillip S. Lorenzo
Keith P. Ray
LATHROP & GAGE LC
370 17th Street
Suite 4650
Denver, CO 80202

/s/ Hollie L. Wieland
Hollie L. Wieland
**SEARS & SWANSON, P.C.**
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
719-471-1984
Fax 719-577-4356

6