THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Senior District Judge Richard P. Matsch

Civil Action No.:  1:07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

                Plaintiff,

v.

EDWARD J. WALSH; GARY LEV; MICHAEL WALSH; and
WILD HORSE INVESTMENT PARTNERS, LLC, a Colorado limited liability company,

                Defendants.

---

**PLAINTIFF, FREDERICK ANTHONY'S RESPONSE TO DEFENDANTS' COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff, Frederick M. Anthony, through his attorneys of record, Lathrop & Gage, L.C., hereby submits his Response to Defendants' Combined Motion for Partial Summary Judgment as follows:

### I. INTRODUCTION

This case involves a dispute over the existence, and terms, of an employment contract between Fred Anthony ("Anthony") and Edward J. Walsh, Gary Lev, Michael Walsh, and Wild Horse Investment Partners, LLC, a Colorado limited liability company, ("Defendants").  Defendants Edward Walsh, Gary Lev, and Michael Walsh are members of Wild Horse Investment Partners, LLC.  Wild Horse Investment

Partners, LLC does business as the Wild Horse Casino ("Casino") located in Cripple Creek, Colorado.

In 2004, Defendants hired Anthony to be the General Manager for the Casino. Anthony began work at the Casino after negotiating an employment contract but before the parties signed a written employment contract. Significantly, Defendants, at no point during the contract negotiations, disclosed the existence or identity of Anthony's true employer, Wild Horse Investment Partners, LLC.

After terminating Anthony, Defendants refused to pay Anthony amounts due under the employment contract for early termination, and Anthony filed the present action, naming Edward Walsh, Gary Lev, and Michael Walsh as individual defendants.

In their motion for partial summary judgment, the individual defendants request that this Court dismiss them from this action because Anthony was on constructive notice that the Casino was, in reality, a limited liability company. However, Colorado law is clear that § 7-80-208, C.R.S. 2006 does not apply to relieve an agent of an LLC of personal liability were, as here, the *full* identity of a company, as a limited liability company, is not disclosed. Further, issues of fact exist regarding the extent of Edward Walsh's participation in hiring Anthony as the General Manager of the Casino. Accordingly, Defendants' combined motion for partial summary judgment must be denied.

## II. UNDISPUTED FACTS

In August 2004, Anthony met with Edward Walsh, Gary Lev and Michael Walsh to discuss the possibility of Anthony being hired as the General Manager for the Casino.

Anthony Depo., 30:7-8, (excerpts of the Anthony Deposition are attached as Exh. 1). The individual defendants interviewed three candidates for the General Manager position. Anthony Depo., 34:3-10.

At the initial interview, Edward Walsh, Gary Lev, and Michael Walsh asked Anthony a number of questions and discussed marketing, company reports, and compliance with the gaming commission. Anthony Depo., 31:1-25. The individual defendants, including Edward Walsh, also told Anthony that they needed to hire a General Manager as soon as possible and asked Anthony if he was willing to relocate to Cripple Creek. Anthony Depo., 32:8-18. At the end of the interview, Edward Walsh told Anthony that he would work out the specific terms of the employment contract with Gary Lev and Michael Walsh if he was the candidate chosen for the General Manager position. Anthony Depo., 25:4-12.

In September 2004, Anthony visited the Casino and continued negotiations for employment. Anthony Depo. 36:4-7. After the visit, Anthony had several phone conversations with Gary Lev and Michael Walsh to discuss the terms and conditions of Anthony's potential employment. Anthony Depo. 43:2-14. Although Defendants disclosed that Anthony, if hired, would work for the Casino, Defendants never fully disclosed the existence or the name of Wild Horse Investment Partners, LLC during the negotiations. Anthony Depo., 38:2-14.

By September 28, 2004, the parties reached an agreement on the terms of Anthony's employment. Compl. ¶11. Anthony drafted a Letter of Intent and Employee Contract and submitted the contract to Gary Lev and Michael Walsh. Compl. ¶12;

3

Anthony Depo., 77:22-79:25.  Although the parties did not sign a written employment contract, Anthony started working as the General Manager of the Casino on October 18, 2004.  Anthony Depo., 93:11-12

The Employment Contract included a termination provision requiring Defendants to pay Anthony the balance of the salary and benefits for the four-year employment term plus one year of annual salary benefits in the event Anthony was terminated.  Exh. A-9 to Defendants' Combined Motion for Partial Summary Judgment.

Anthony was terminated on February 14, 2006.  Compl. ¶16.  After Anthony was terminated, Defendants refused to pay Anthony in accordance with the termination provision of the Employment Contract.  Compl. ¶17.  Thereafter, Anthony filed suit alleging breach of contract and promissory estoppel.

### III.   SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).  A dispute over a material fact is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. ***Id.***

The burden of showing that no genuine issue of material fact exists is borne by the moving party. ***Adler v. Wal-Mart Stores, Inc.***, 144 F.3d 664, 670 (10th Cir. 1998).  In considering a motion for summary judgment, all reasonable inferences must be drawn in

4

favor of the nonmoving party. ***Curtis v. Oklahoma City Public Sch. Bd. of Ed.***, 147 F.3d 1200, 1214 (10th Cir. 1998).

### IV.   ARGUMENT

**A.   Individual Defendants Edward J. Walsh, Gary Lev and Michael Walsh Cannot Be Dismissed Pursuant to § 7-80-208, C.R.S. 2006**

Defendants first argue that because Anthony had constructive notice of Wild Horse Casino's status as a limited liability company under § 7-80-208, the individual defendants must be dismissed. However, Colorado law is clear that § 7-80-208 does not relieve an agent of an LLC of the duty to disclose the full identity of the LLC in order to avoid personal liability. Because issues of fact exist relevant to whether the individual defendants fully disclosed that the Casino or Wild Horse Investment Partners was a "limited liability company" the individual Defendants cannot be dismissed, and Defendants' Combined Motion for Partial Summary Judgment must be denied.

Under the common law of agency, an agent is liable on a contract entered on behalf of a principal if the principal is not fully disclosed. ***Water, Waste & Land, Inc. v. Lanham***, 955 P.2d 997, 1001 (Colo. 1998). The agent must disclose *both* the fact he or she is acting on behalf of the principal *and* the full identity of the principal. *Id.*

Whether a principal is partially or completely disclosed is a question of fact. ***Water, Waste & Land, Inc.***, 955 P.2d at 1001 (citing ***Connecticut Limousine Serv., Inc. v. Powers***, 7 Conn.App. 398, 508 A.2d 836, 839 (1986); ***Weiss v. Anderson***, 341 N.W.2d 367, 371 (N.D. 1983); ***Crown Controls, Inc. v. Smiley***, 47 Wash. App. 832, 737 P.2d 709, 713 (1987)).

Defendants argue that the individual defendants cannot be personally liable under agency principles because § 7-80-208 placed Anthony on constructive notice of the fact Wild Horse Investment Partners, LLC was a limited liability company and therefore Anthony cannot establish the individual defendants failed to fully disclose the principal company. However, the Colorado Supreme Court has addressed, and rejected, this exact argument under these exact facts.

In *Water, Waste & Land, Inc. v. Lanham*, the Colorado Supreme Court granted certiorari on the following issue:

> Whether § 7-80-208 should be interpreted such that an individual is able to claim protection from personal liability for amounts owing for services if that person has established a limited liability company, even though the existence of the limited liability company is not disclosed at the time the services were requested or performed.

*Water, Waste & Land, Inc.*, 955 P.2d at 999.

In that case, the individual defendants were managers and members of a Colorado limited liability company, Preferred Income Investors, LLC. The individual defendants negotiated an employment agreement with the plaintiff. During the negotiations, the defendants gave the plaintiff a business card which included the company's address and the initials "P.I.I." The parties reached an oral employment agreement but did not execute a written employment agreement. The defendants did not identify P.I.I. as a limited liability company during the employment negotiations. *Id.*

The plaintiff sued the individual defendants and the company in county court for breach of the employment agreement. The county court found in favor of the plaintiff and entered a judgment against one of the members and the company. *Water, Waste &*

6

*Land, Inc.*, 955 P.2d at 1000.  Defendants appealed to the district court, arguing that § 7-80-208 put the plaintiff on constructive notice of the fact that the company was a limited liability company and relieved the individual defendant from personal liability.  The district court agreed and reversed the county court's ruling.

The Colorado Supreme Court reversed, holding that "the statutory notice provision applies only where a third party seeks to impose liability on an LLC's members or managers simply due to their status as members or managers of the LLC.  When a third party sues a manager or member of an LLC under an agency theory, the principles of agency law apply notwithstanding the LLC Act's statutory notice rules."  *Water, Waste & Land, Inc.*, 955 P.2d at 1001.

The Act's statutory notice provision, § 7-80-208, provides:

> The fact that the articles of organization are on file in the office of the secretary of state is notice that the limited liability company is a limited liability company and is notice of all other facts set forth therein which are required to be set forth in the articles of organization.

The Colorado Supreme Court concluded that this statute places third parties on constructive notice that a **fully identified** company is a limited liability company if the articles of organization are filed with the secretary of state.  *Water, Waste & Land, Inc.*, 955 P.2d at 1004.  In order to fully identify the company as an LLC, the agent must include "LLC" or "limited liability company" in the name or identification.  *Id.*

Members or managers of an LLC are not excused from personal liability on a contract if the other party to the contract did not have notice that the members or managers were negotiating on behalf of an LLC at the time the contract was made  *Id.*

7

The Colorado Supreme Court concluded that because the evidence supported the county court's determination that the defendants did not disclose or identify P.I.I. as a limited liability company, § 7-80-208 did not apply to place the plaintiff on constructive notice of the LLC. *Id.*

Here, as in *Water, Waste & Land,* the individual defendants did not disclose that the Casino was a limited liability company. In fact, Defendants do not allege they disclosed the name of the limited liability company in the form required by Colorado law. At best, Defendants claim "Anthony knew that he was to be employed by Wild Horse Casino or Wild Horse Investment Partners." Motion at 3.

However, for the same reasons Preferred Income Investors was insufficient to identify Preferred Income Investors, LLC., Wild Horse Investment Partners, if disclosed during the employment negotiations, is insufficient to fully identify Wild Horse Investment Partners, LLC. *See Water, Waste & Land, Inc.*, 955 P.2d at 1004 ("The 'missing link' between the limited disclosure made by Clark and the protection of the notice statute was the failure to state that 'P.I.I.,' the Company, stood for 'Preferred Income Investors, *LLC*." (emphasis in original)).

Further, Defendants focus, instead, on the fact that the company was identified as "Wild Horse Casino," a trade name of Wild Horse Investment Partners, LLC. Anthony testified that he knew the Casino was called "Wild Horse Casino," and that the Casino had signs, coasters, napkins and other references to the name Wild Horse Casino. Anthony Depo., 37:3 – 14. Anthony further testified that he believed he was hired and paid by Wild Horse Casino. Anthony Depo., 37:15 – 38:14. Each of the proposed

8

employment contracts, as well as the final employment contract, referenced Wild Horse Casino, but did not reference Wild Horse Investment Partners, LLC.  Exhs. A3 – A9 to Defendants' Combined Motion for Partial Summary Judgment.

However, Anthony testified he did not know that the Wild Horse Casino was related to Wild Horse Investment Partners:

> Q: Okay.  And do you know that the Wild Horse Casino is a registered trade name for Wild Horse Investment Partners?
>
> A: I didn't know that at the time.  I don't really know that.

Anthony Depo., 38: 10-14.

Further, disclosure of Wild Horse Investment Partners, LLC's trade name is clearly insufficient under *Water, Waste & Land, Inc.*  Accordingly, because the individual defendants failed to fully identify the principal, Wild Horse Investment Partners, LLC, § 7-80-208 does not apply to relieve the individual defendants of personal liability.  For the reasons stated in *Water, Waste & Land, Inc.*, Defendants' motion must be denied.

**B.  Issues of Fact Exist Regarding Edward Walsh's Involvement in the Negotiation of Anthony's Employment Contract to Preclude Summary Judgment**

Defendants next argue that Edward Walsh should be dismissed as an individual defendant because he was not involved in negotiating the terms of Anthony's employment contract and because he did not make any representations which support Anthony's claim for promissory estoppel.  However, because issues of fact exist regarding Edward's involvement in Anthony's employment contract, Defendants' Combined Motion for Partial Summary Judgment must be denied.

Anthony testified in his deposition that in response to submitting his resume, he was offered an interview for the position of General Manager of the Casino. The initial interview, in August 2004, was conducted by Edward Walsh, Gary Lev, and Michael Walsh. During the interview, Edward Walsh asked Anthony a number of questions and the parties discussed marketing, reports, and compliance with the gaming commission. Anthony Depo., 31:1-25. The Defendants also indicated that they needed to hire a General Manager as soon as possible and asked Anthony if he was willing to relocate to Cripple Creek. Anthony Depo., 32:8-18. At the end of the interview, Edward Walsh told Anthony that he would work out the specific terms of the employment contract with Gary Lev and Michael Walsh if he was the candidate chosen for the General Manager position. Anthony Depo., 25:4-12.

Although Edward Walsh did not negotiate the specific terms of Anthony's employment contract, it is clear that he was involved in the initial discussions regarding the position, Anthony's availability, the timing of the hiring process, and the logistics of working out an agreement if Anthony was the candidate chosen for the position. At a minimum, and with the benefit of all reasonable inferences, issues of fact exist regarding Edward Walsh's involvement in the process which resulted in Anthony working at the Casino as the General Manager. Accordingly, summary judgment is not appropriate and Defendants' motion must be denied.

## V. CONCLUSION

For the foregoing reasons, Anthony respectfully requests that this Court deny Defendants' Combined Motion for Partial Summary Judgment.

10

Dated this 6th day of February, 2008.

                                                        LATHROP & GAGE LC

                                                      *s/ Phillip S. Lorenzo*
                                                      Phillip S. Lorenzo, #13771
                                                      Keith P. Ray, #31567
                                                      370 17th Street, #4650
                                                      Denver, Colorado 80202
                                                      *plorenzo@lathropgage.com*
                                                      *kray@lathropgage.com*
                                                      720-931-3200
                                                      720-931-3201 Fax

## CERTIFICATE OF SERVICE

    I hereby certify that on this 6th day of February, 2008, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of **PLAINTIFF, FREDERICK ANTHONY'S RESPONSE TO DEFENDANTS' COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT** to the following via email:

    Hollie L. Wieland
    Sears & Swanson, PC
    2 North Cascade Avenue, Suite 1250
    Colorado Springs, Colorado 80903
    *hollie@searsandswanson.com*

                          LATHROP & GAGE L.C.

                          *s/Phillip S. Lorenzo*
                        Phillip S. Lorenzo