THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

        Plaintiff,

vs.

EDWARD J. WALSH,
GARY LEV,
MICHAEL WALSH,
WILD HORSE INVESTMENT PARTNERS, LLC a Colorado limited liability company,

        Defendants.

---

**DEFENDANTS' REPLY TO PLAINTIFF, FREDERICK ANTHONY'S RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Defendants, EDWARD J. WALSH, GARY LEV, MICHAEL WALSH, and WILD HORSE INVESTMENT PARTNERS, LLC, a Colorado limited liability company, by and through their undersigned counsel, Hollie L. Wieland, of SEARS & SWANSON, P.C., and in support of their reply state as follows:

**ADDITIONAL UNDISPUTED FACTS**

It is undisputed that Plaintiff Anthony knew he was negotiating with Gary Lev and Michael Walsh as agents of Wild Horse Casino. Further, it is undisputed that Defendant Wildhorse Investment Partners, LLC's registered tradename, Wild Horse Casino, was fully disclosed to Plaintiff Anthony during negotiations relating to his employment. (Exs. A-1 Depo of Anthony 63:15 - 17 and 69:5 - 70:16; A-3, A-4, A-5, A-6, A-7, A-8, A-9)

1

## ARGUMENT

A. **The Existence and Identity of the Individual Defendants' Principal was Fully Disclosed and, Therefore, Individual Defendants Cannot be Liable for the Principal's Contract**

An agent is not liable upon a contract signed by him on behalf of a principal when the agent has given notice to a third party that there is a principal for whom he acts and he has given notice of the name or identity of the principal. *Grubb & Ellis Co. v. First Texas Sav. Ass'n*, 726 F.Supp. 1226 (D.Colo.,1989); *Fink v. Montgomery Elevator Co. of Colo.* 421 P.2d 735, 737 (Colo. 1966).

   1. **Existence of Principal Was Fully Disclosed to Anthony**

In the September 28, 2004 Letter of Intent and Employee Agreement, drafted and proposed by Anthony, specific references are made at the beginning, the end and in the signature blocks of the document that Michael Walsh and Gary Lev are acting on "behalf of" or as "owners."  (Ex. A-9)  It is clear from the documents, prepared by Anthony, that the individual Defendants had disclosed and that Anthony knew that the Michael Walsh and Gary Lev were acting on behalf of the principal, Wild Horse Investment Partners, LLC d/b/a Wild Horse Casino.

   2. **Identity of Wild Horse Investment Partners, LLC was Fully Disclosed**

Pursuant to C.R.S. § 7-71-104(2), the effect of registering a trade name with the Colorado Secretary of State is that any "person [or entity] having an effective statement of trade name on file in the records of the secretary of state shall be liable in connection with the business transacted in this state by the person under the trade name stated in the statement of trade name to the same

extent and in the same manner as if the business were transacted under its true name."[1]  Defendant Wild Horse Investment Partners, LLC has registered the tradename "Wild Horse Casino" and, therefore, Wild Horse Investment Partners, LLC is liable "to the same extent and in the same manner" for acts done by Wild Horse Casino as if the business were conducted under its true name.  Similarly, to the extent an agent discloses the tradename, the agents' action, on behalf of the principal, is as if it disclosed the true name.

Plaintiff cites *Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997, 1003 (Colo. 1998) for his proposition that Defendants must refer to a "limited liability company" or ""LLC" in order to fully disclose the existence of any principal which is a limited liability company (referencing C.R.S. § 7-80-201(1)).  At the time that *Water, Waste & Land, Inc.* was decided, C.R.S. § 7-80-201(1) required that limited liability companies use specific references in their names to "limited liability company" or "LLC."  Subsequent legislation, effective on July 1, 2000, has repealed C.R.S. § 7-80-201, in its entirety.

In *Water, Waste & Land, Inc. v. Lanham, supra,* the Court held that reference to "P.I.I." within an agent's business card and within a contract did not fully disclose the identity of the principal.  "The 'missing link' between the limited disclosure made by Clark and the protection of the notice statute was the failure to state that "P.I.I.," the Company, stood for "Preferred Income Investors, LLC." *Supra,* at 1104.  In *Water, Waste & Land, Inc. v. Lanham, supra*, there was no evidence that "P.I.I." was a registered tradename for the agent.  Here, where Wild Horse Investment Partners, LLC's tradename has been registered with the Secretary of State since the

---

[1] For purposes of the tradename registration statute, a "person" may be an entity.  C.R.S. § 7-71-103(1)(b).

3

limited liability companies' inception, the identity of the principal has been fully disclosed to the agent.

**B.     Ed Walsh was Not Part of Any Negotiations Which Resulted in the Contract Which Plaintiff Seeks to Enforce and, Therefore, Cannot be Liable for any Contract**

As is again admitted in Plaintiff's response to Defendants' motion for summary judgement, Defendant Ed Walsh played no role in negotiating the terms of the alleged contract which Plaintiff seeks to enforce. Further, Ed Walsh was not a signatory to or named party to the alleged contract. Given Ed Walsh's lack of individual involvement in the negotiation and/or ratification or acceptance of the contract, Defendant Ed Walsh cannot be found liable on any claims for promissory estoppel or breach of contract and should be dismissed.

### CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment should be granted and the individual defendants should be dismissed.

Respectfully submitted this 21st day of February, 2008.

*/s/ Hollie L. Wieland*
Hollie L. Wieland
**SEARS & SWANSON, P.C.**
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
719-471-1984
Fax 719-577-4356
hollie@searsandswanson.com
Attorney for Defendants

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following via e-mail:

Phillip S. Lorenzo
Keith P. Ray
LATHROP & GAGE LC
370 17th Street
Suite 4650
Denver, CO 80202

          */s/ Hollie L. Wieland*
          Hollie L. Wieland
          **SEARS & SWANSON, P.C.**
          2 North Cascade Avenue, Suite 1250
          Colorado Springs, CO 80903
          719-471-1984
          Fax 719-577-4356