**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior District Judge Richard P. Matsch

Civil Action No.      07-cv-00540-RPM-CBS

FREDERICK M. ANTHONY,

               Plaintiff,

vs.

EDWARD J. WALSH,
GARY LEV,
MICHAEL WALSH,
WILD HORSE INVESTMENT PARTNERS, LLC a Colorado limited liability company,

               Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The trial in this matter is scheduled for October 20, 2008.  Plaintiff, FREDERICK M.

ANTHONY, is represented by counsel, Phillip S. Lorenzo and Keith P. Ray, of LATHROP &

GAGE, LC and Defendants, Edward J. Walsh, Gary Lev, Michael Walsh and Wild Horse

Investment Partners, LLC, a Colorado limited liability company, are represented by Hollie L.

Wieland, Esq., of Sears and Swanson, P.C.

### 2. JURISDICTION

Venue and jurisdiction in this matter are proper because the amount in damages Plaintiff

alleges exceeds $75,000, and is between citizens of different states. 28 U.S.C. § 1332(a).

## 3. CLAIMS AND DEFENSES

### Plaintiff's Claims

This case arises out of an employment relationship between Plaintiff, Frederick Anthony ("Anthony") and Defendants, Edward Walsh ("E. Walsh"), Gary Lev ("Lev"), Michael Walsh ("M. Walsh") and Wild Horse Investment Partners, LLC ("Wild Horse"). In September, of 2004, Anthony began negotiating an employment contract with Lev and M. Walsh wherein Anthony would become the General Manager of the Wild Horse Casino ("Casino") located in Cripple Creek, Colorado. Defendants, E. Walsh, Lev, and M. Walsh, are members of Defendant Wild Horse; however, neither Lev nor M. Walsh ever fully disclosed the existence or the name of Wild Horse during the negotiations with Anthony.

By September 28, 2004, Anthony had reached an agreement with Lev and M. Walsh on the terms of his employment. A Letter of Intent and Employee Agreement ("Letter Agreement") was drafted by Anthony and submitted to Lev and M. Walsh. Despite the fact that the written agreement was not signed by the parties, Anthony started working as the General Manager of the Casino on October 18, 2004. Between October 18, 2004 and February 14, 2006, the parties performed pursuant to the terms of the Letter Agreement. The Letter Agreement provides an annual salary for an initial term of four years, a bonus structure, other benefits, and contains terms for the calculation of a severance payment if Anthony's employment was terminated prior to the end of the four years. On February 14, 2006, Mr. Anthony's employment was terminated.

Following the termination of the employment, Defendants refused to pay Anthony in accordance with the termination provision of the Letter Agreement. Based on the foregoing, Anthony has asserted claims for breach of contract and promissory estoppel. He seeks damages

based on the termination provision of his employment contract which specified that he would be paid for the remainder of the term of the contract plus one year's full salary.  In the alternative, Anthony seeks damages for promissory estoppel.

**Defendants' Defenses**

In August 2004, Plaintiff Fred Anthony attended an interview in Las Vegas with Defendants Edward J. Walsh, Gary Lev and Michael Walsh to discuss the possibility of Anthony being hired as the General Manager for Wild Horse Casino.  During the interview, it was clearly disclosed that he would be working for Wild Horse Casino and not for the individual Defendants. During early September 2004, prior to being offered any job, Wild Horse Casino paid for Anthony to visit the casino in Cripple Creek, Colorado.  While visiting the casino, Anthony admits to seeing the casino's signs, napkins and drink coasters, all of which bear the Wild Horse Casino name.

After returning from his site visit to Wild Horse Casino, Plaintiff Anthony had several phone conferences in September 2004 with Gary Lev and Michael Walsh for purposes of discussing the terms and conditions of his potential employment with Wild Horse Casino.  Due to business commitments, Ed Walsh was unable to participate in any of the negotiations.  During the negotiations on at least five separate occasions, Plaintiff drafted and forwarded, via electronic mail, to Defendants Gary Lev and Michael Walsh proposals referencing AWild Horse Casino.@

After receiving the numerous proposals from Anthony, Defendants Gary Lev and Michael Walsh became frustrated with Anthony because he continually submitted documents which did not accurately reflect the terms of their discussions.  Finally, on or about September 28, 2004, Gary Lev and Michael Walsh clearly rejected Anthony's proposal.   Instead of the $150,000

3

annual salary which Anthony was demanding plus numerous other benefits, Lev told Anthony that, among other things, Wild Horse would increase Anthony's annual salary to $182,000 but that Anthony's employment would be "at will."

On October 18, 2004, Anthony began work at Wild Horse Casino. During his employment, Anthony was unable to deliver on the numerous performance promises he had made. Over time, the time that Anthony spent at the casino diminished significantly. Anthony's communications with the Wild Horse Casino owners also diminished. Additionally, Anthony sought and received reimbursement for expenses which were personal in nature and not authorized by the Casino owners. Throughout Anthony's employment, Wild Horse Casino had financial difficulties. Finally, on February 14, 2006, Anthony was terminated.

Defendants deny that they agreed to the terms of the contract as alleged by Plaintiff. Defendants claim that to the extent the parties' had an agreement, Plaintiff breached the agreement. Further, Defendants assert that Plaintiff's claims are barred by the statutes of frauds, the doctrines of novation, modification and/or rescission and the Plaintiff's unclean hands. Further, Defendants allege that Plaintiff failed to mitigate his damages.

## 4. STIPULATIONS

1.     Anthony began working as the General Manager of the Casino on October 18, 2004.

2.     At no time, either prior to or during Plaintiff's employment with Wild Horse Casino, did the parties sign a written employment agreement.

3.     On or about October 18, 2004, Plaintiff began working as the General Manager at

4

the Wild Horse Casino.  He was terminated on February 14, 2006.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

a.      List of non-expert witnesses to be called by Plaintiff:

(1)     **Will be present at trial**:

(a)      Fred Anthony; 9692 Camino Capistrano Lane, Las Vegas, Nevada
89147; Mr. Anthony is the Plaintiff in this matter and will testify as to the
negotiations which took place between Mr. Anthony and Defendants, the
employment contract entered into between the parties, his employment as General
Manager of the Casino, and the termination of his employment.  Mr. Anthony will
testify in person at trial.

(2)     **May be present at trial**:

(a)      Michael Walsh, Spike Trading Services, LLC, 20 North Wacker
Drive, Suite 2600, Chicago, IL 60606. If called to testify, M. Walsh will testify as
to the negotiations which took place between Anthony and Defendants, the
employment contract entered into between the parties, Anthony's employment as
General Manager of the Casino, and the termination of Anthony's employment.  If
called, M. Walsh will testify in person at trial.

(b)      Edward J. Walsh; Walsh, Knippen, Knight & Diamond, 601 West
Liberty Drive, Wheaton, IL 60187.  If called to testify, E. Walsh will testify as to
the negotiations which took place between Anthony and Defendants, the

employment contract entered into between the parties, Anthony's employment as General Manager of the Casino, and the termination of Anthony's employment. If called, E. Walsh will testify in person at trial.

(c)     Gary Lev; 951 Forest Ave., Glencoe, IL 60022. If called to testify, Lev will testify as to the negotiations which took place between Anthony and Defendants, the employment contract entered into between the parties, Anthony's employment as General Manager of the Casino, and the termination of Anthony's employment. If called, Lev will testify in person at trial.

b.     List of non-expert witnesses to be called by Defendants:

(1)     **Will be present at trial**:

(a)     Edward J. Walsh Walsh, Knippen, Knight & Diamond, 601 West Liberty Drive, Wheaton, IL 60187; Mr. Walsh is a Defendant in this matter and will testify as to the initial interview of the Plaintiff, the incorporation and corporate structure of Wild Horse Casino; the terms of Plaintiff's employment, his communications with Plaintiff, the Plaintiff's performance, the written contract provided to Plaintiff's predecessor, and the termination of his employment. Mr. Walsh will testify in person at trial.

(b)     Gary Lev, 951 Forest Ave., Glencoe, IL 60022; Mr. Lev is a Defendant in this matter and will testify as to the initial interview of the Plaintiff, the September 2004 negotiations with Plaintiff, the terms of Plaintiff's employment, his communications with Plaintiff, the Plaintiff's performance, the written contract provided to Plaintiff's predecessor, and the termination of his

6

employment.  Mr. Lev will testify in person at trial.

       (c)       Michael Walsh, Spike Trading Services, LLC, 20 North Wacker Drive, Suite 2600, Chicago, IL 60606; Mr. Walsh is a Defendant in this matter and will testify as to the initial interview of the Plaintiff, the September 2004 negotiations with Plaintiff, the terms of Plaintiff's employment, his communications with Plaintiff, the Plaintiff's performance, the written contract provided to Plaintiff's predecessor, and the termination of his employment.  Mr. Walsh will testify in person at trial.

(2)      **May be Present at Trial:**

       (a)       Steve Siegrist, former HR Director for Wild Horse Casino, may be called to testify at trial regarding his knowledge regarding Plaintiff's job performance and employment with Wild Horse Casino, Plaintiff's attendance and his communications with Plaintiff.

       (b)       Valerie Flournoy,  Wild Horse Casino, 353 Myers Ave., Cripple Creek, CO 80813; an employee for Wild Horse Casino, may be called to testify at trial regarding her knowledge regarding Plaintiff's employment with Wild Horse Casino, his job performance, attendance, communications and requests for expense reimbursements.

       (c)       Carl Eklund, Ballard Spahr Andrews & Ingersoll, LLP, 1225 17th Street, Suite 2300, Denver, CO 80202; may be called to testify at trial regarding his communications with the parties and a bankruptcy documents he drafted on behalf of Wild Horse Casino.

(d)    Fred Anthony; 9692 Camino Capistrano Lane, Las Vegas, Nevada 89147; Mr. Anthony may be called to testify as to all aspects of his claims, his initial interview, the September 2004 negotiations, the terms of the alleged agreement between the parties, his job performance, attendance, requests for expense reimbursements his efforts to mitigate his damages.

c.    Following are expert witnesses to be called by Plaintiff at trial: None.

d.    Following are expert witnesses to be called by Defendants at trial: None.

## 7. EXHIBITS

Plaintiff submits the following exhibits: See List attached as Ex. 1.

Defendants submit the following exhibits: See List attached as Ex. 2.

Copies of listed exhibits must be provided to opposing counsel no later than five days after the final pretrial conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.    On September 27, 2007, the parties attended a Settlement Conference with Magistrate Judge Shaffer.

b.      The participants in the settlement conference, included counsel, party

representatives, and any *pro se* party.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties do intend to hold future settlement conferences.

e.      It appears from the discussion by all counsel and the Parties that there may be a

possibility of settlement.

f.      The parties are working to schedule a settlement conference.

g.      Counsel for the parties have considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel and the parties acknowledge familiarity with the provision of rule 68 (Offer of

Judgment) of the Federal Rules of Civil Procedure.  Counsel for the parties have discussed it

with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and

the trial, and may not be amended except by consent of the parties and approval by the court or

by order of the court to **prevent manifest injustice**.  The pleadings will be deemed merged

herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in

any provision of this Final Pretrial Order, reference may be made to the record of the pretrial

conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Plaintiff has requested a jury trial.  It is anticipated this case can be tried in four days in the U.S. District Court for the District of Colorado.

DATED this *19* day of *September* 2008.

BY THE COURT:

_____

U.S. District Judge Richard P. Matsch

APPROVED:

_____
Keith P. Ray, Esq.
LATHROP & GAGE LC
370 17th Street, Suite 4650
Denver, CO  80202
Tel: 720-931-3200
Attorney for Plaintiff

_____
Hollie L. Wieland
SEARS & SWANSON, P.C.
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel:  719-471-1984
Attorney for Defendants

10

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Plaintiff has requested a jury trial.  It is anticipated this case can be tried in four

days in the U.S. District Court for the District of Colorado.

DATED this _____ day of _____ 2008.

BY THE COURT:

_____
U.S. District Judge Richard P. Matsch

APPROVED:

_____            _____
Keith P. Ray, Esq.                          Hollie L. Wieland
LATHROP & GAGE LC                           SEARS & SWANSON, P.C.
370 17th Street, Suite 4650                 2 North Cascade Avenue, Suite 1250
Denver, CO  80202                           Colorado Springs, CO 80903
Tel: 720-931-3200                           Tel:  719-471-1984
Attorney for Plaintiff                      Attorney for Defendants

10

Case No. 07-cv-00540-RPM-CBS     Judge: Richard P. Matsch     Frederick M. Anthony v. Edward J. Walsh et al.   Page:   1

**PLAINTIFF'S TRIAL EXHIBIT LIST**

| Exhibit Number | Description | Offer | Stip | In | Out | Remarks |
|---|---|---|---|---|---|---|
| 1 | Email from F. Anthony to M. Walsh and G. Lev dated September 17, 2004, Bates Number FA000002 | | | | | |
| 2. | Fred Anthony & Wild Horse Casino Employment Considerations, dated September 17, 2004, Bates Numbers FA000003-4 | | | | | |
| 3 | Fred Anthony & Wild Horse Casino Employment Considerations, dated September 19, 2004, Bates Numbers FA000005-6 | | | | | |
| 4 | Fred Anthony & Wild Horse Casino Final Agreements on Employment Consideration, dated September 20, 2004, Bates Numbers FA000007-8 | | | | | |
| 5 | Fred Anthony & Wild Horse Casino Employment Considerations, dated September 21, 2004, Bates Numbers FA000009-10 | | | | | |
| 6 | Email from F. Anthony to G. Lev and M. Walsh dated September 22, 2004, Bates Number FA000011 | | | | | |
| 7 | Fred Anthony & Wild Horse Casino Final Agreements on Employment | | | | | |

DNVRDOCS 12149v1

**EXHIBIT**

tabbies

1

| | | | | | |
|---|---|---|---|---|---|
| | Considerations, dated September 22, 2004, Bates Numbers FA000012-13 | | | | |
| 8 | Fred Anthony & Wild Horse Casino Final Proposal on Employment Considerations, dated September 24, 2004, Bates Numbers FA000014-15 | | | | |
| 9 | Document entitled Letter of Intent and Employee Agreement: Fred Anthony & Wild Horse Casino, dated September 28, 2004, Bates Numbers FA000016-17 | | | | |
| 10 | Wild Horse Casino Status Update for Transition, prepared by Fred Anthony dated February 16, 2004, Bates numbers FA000020-23 | | | | |
| 11 | United States Bankruptcy Court, District of Colorado, In re: Wild Horse Investment Partners, LLC Voluntary Petition, Schedule C: Executory Contract and Unexpired Leases, Bates Number FA000031 | | | | |
| | | | | | |

Case No. 07-cv-00540-RPM-CBS     Judge: Richard P. Matsch     Frederick M. Anthony v. Edward J. Walsh
et al.  Page:  1

Case No. 07-cv-00540-RPM-CBS     Judge: Richard P. Matsch     Frederick
M. Anthony v. Edward J. Walsh et al.  Page:  1

## DEFENDANTS' TRIAL EXHIBIT LIST

| EXHIBIT NUMBER | BRIEF DESCRIPTION | OFFER | STIP. | IN | OUT | REMARKS |
|---|---|---|---|---|---|---|
| 1. | Plaintiff Frederick Anthony's Responses to First Set of Interrogatories and Request for Production of Documents | | | | | |
| 2. | Email from Fred Anthony to Gary Lev, dated September 15, 2004, Bates Number FA000001 | | | | | |
| 3. | Email from Fred Anthony to Michael Walsh, dated September 17, 2004, Bates Number FA000002 | | | | | |
| 4. | Fred Anthony's September 17, 2004 Proposed Employment Consideration, Bates Numbers FA000003-4 | | | | | |
| 5. | Fred Anthony's September 19, 2004 Proposed Employment Consideration, Bates Numbers FA000005-6 | | | | | |
| 6. | Fred Anthony's September 20, 2004 Proposed Employment Consideration, Bates Numbers FA000007-8 | | | | | |

**EXHIBIT**

tabbies®

2

Case No. 07-cv-00540-RPM-CBS        Judge: Richard P. Matsch        Frederick M. Anthony v. Edward J. Walsh
et al. Page: _2_

| | | | | | | |
|---|---|---|---|---|---|---|
| 7. | Fred Anthony's September 21, 2004 Proposed Employment Consideration, Bates Numbers FA000009-10 | | | | | |
| 8. | Email from Fred Anthony to Gary Lev, dated September 22, 2004, Bates Number FA000011 | | | | | |
| 9. | Fred Anthony's September 22, 2004 Proposed Employment Consideration, Bates Numbers FA000012-13 | | | | | |
| 10. | Fred Anthony's September 24, 2004 Proposed Employment Consideration, Bates Numbers FA000014-15 | | | | | |
| 11. | Fred Anthony's September 28, 2004 Proposed Employment Consideration, Bates Numbers FA000016-17 | | | | | |
| 12. | Email from Ed Walsh to Fred Anthony, dated February 14, 2006, Bates Number FA000018 | | | | | |
| 13. | Email from Ed Walsh to Fred Anthony, dated February 15, 2006, Bates Numbers FA000019-23 | | | | | |
| 14. | Form 1040 for tax year 2002 prepared by Fred Anthony, Bates Number FA000036 | | | | | |

Case No. 07-cv-00540-RPM-CBS   Judge: Richard P. Matsch   Frederick M. Anthony v. Edward J. Walsh
et al. Page: __3__

| | | | | | |
|---|---|---|---|---|---|
| 15. | Schedule C (Form 1040) for tax year 2002, Bates Number FA000037 | | | | |
| 16. | Form 1040X for tax year 2003 prepared by Fred Anthony, Bates Number FA000038 | | | | |
| 17. | Schedule C (Form 1040) for tax year 2003, Bates Number FA000039 | | | | |
| 18. | Form 1040 for tax year 2004 prepared by Fred Anthony, Bates Number FA000040 | | | | |
| 19. | Schedule C (Form 1040) for tax year 2004, Bates Number FA000041 | | | | |
| 20. | Form 1040X for tax year 2005 prepared by Fred Anthony | | | | |
| 21. | Schedule C (Form 1040) for tax year 2005, Bates Number FA000043 | | | | |
| 22. | Form 1040 for tax year 2006 prepared by Fred Anthony, Bates Number FA000044 | | | | |
| 23. | Schedule C (Form 1040) for tax year 2006, Bates Number FA000045 | | | | |
| 24. | Numerous airline itinerary schedules | | | | |
| 25. | Email from Ed Walsh to Fred Anthony, | | | | |

Case No. 07-cv-00540-RPM-CBS       Judge: Richard P. Matsch       Frederick M. Anthony v. Edward J. Walsh
et al. Page: __4__

| | | | | | |
|---|---|---|---|---|---|
| dated March 8, 2005 | | | | | |
| 26. | Resume of Frederick M. Anthony, Bates Numbers 0000010-14 | | | | |
| 27. | Articles of Organization for Wild Horse Investment Partners, LLC | | | | |
| 28. | Certificate of Trade name for Wild Horse Investment Partners, LLC | | | | |
| 29. | Management Agreement between Wild Horse Investment Partners, LLC and Jerry Bongiorno | | | | |
| 30. | Fred Anthony's September 28, 2004 Proposed Employment Consideration, Bates Numbers 0000005-7 | | | | |